**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 26-134-DLB**

**ROGELIO COMPLIDO DERDO**                                        **PETITIONER**

v.                        **MEMORANDUM OPINION AND ORDER**

**DEPARTMENT OF HOMELAND SECURITY**                    **RESPONDENT**

* * * * * * * * * *

## I.    INTRODUCTION

This matter is before the Court on Petitioner Rogelio Complido Derdo's *pro se* Petition for Writ of Mandamus (Doc. # 1).  Respondent having filed its Response (Doc. # 4), and Petitioner having filed his Reply (Doc. # 5) this matter is now ripe for review.  For the following reasons, the Court will **deny** the Petition.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Rogelio Complido Derdo is a native and citizen of Mexico.  (Doc. # 4-8 ¶ 4).  He has previously entered the United States illegally on at least eight occasions and he has been removed to Mexico seven times.  (Doc. # 4-1 at 3).  During his intermittent stays in the United States, Derdo amassed a substantial criminal record.  (*Id.* at 3-4).  Although Derdo voluntarily removed himself to Mexico on two occasions prior, an immigration judge first issued an order of removal on December 1, 2010.  (*Id.* at 3).  Derdo's most recent removal to Mexico occurred on February 24, 2015.  (*Id.*).  However, Derdo reentered the United States without inspection at an unknown time thereafter.  (*Id.* at 2).

1

On January 17, 2025, the Department of Homeland Security ("DHS") located Derdo and served him with a Form I-871, informing him that his December 1, 2010 removal order would be reinstated. (Doc. # 4-5 at 1). DHS also served Derdo with a "Warrant of Removal/Deportation" and he was taken into ICE custody. (Doc. # 4-6 at 1). However, on the same day, DHS released Derdo on an "Order of Supervision," pursuant to which he was subject to electronic GPS monitoring. (Doc. # 4-7 at 1). The Order of Supervision stated that "Damaging or attempting to damage the GPS tracking ankle bracelet or any of its associated equipment . . . may result in your arrest, detention, and prosecution under 18 U.S.C. § 1361[.]" (*Id.*). Despite this warning, Derdo proceeded to tamper with his GPS tracker and abscond from supervision. (Doc. # 4-8). Subsequently, on June 21, 2025, ICE agents located Derdo and took him into custody. (Doc. # 4-9). Thereafter, Derdo was detained pending prosecution in the Southern District of Ohio for illegal reentry in violation of 8 U.S.C. § 1326. (Doc. # 4-4 at 1). Ultimately, on February 12, 2026, Derdo pled guilty to this charge, and he received a sentence of time served. (*Id.* at 1-2).

Although his criminal case had resolved, Derdo remained in ICE custody under 8 U.S.C. § 1231 pending execution of his reinstated order of removal. (Doc. # 1 ¶ 6). But Derdo could not be removed immediately because he claimed a fear of persecution should he return to Mexico. (Doc. # 4-8 ¶¶ 11-13). This assertion triggered the reasonable fear adjudication process laid out in 8 C.F.R. § 208.31, which prevented Derdo's immediate removal to Mexico. (*Id.*). This process is ongoing and Derdo remains in ICE custody at Campbell County Detention Center pending its resolution. (*Id.*). Despite

his pervious assertions, Derdo has recently expressed a desire to withdraw his claim of fear and proceed with his removal to Mexico.  (*Id.*).

On March 25, 2026, Derdo, proceeding *pro se*, filed the instant Petition for Writ of Mandamus, requesting that this Court compel DHS to "deport him to his country of Mexico immediately" or, alternatively, order his release from ICE custody.[1]  (Doc. # 1 at 2).  DHS filed its Response on April 9, 2026, arguing that Derdo is properly detained under 8 U.S.C. § 1321.  (Doc. # 4 at 4-5).  Derdo filed a Reply on April 22, 2026.  (Doc. # 5).  Accordingly, this matter is ripe for the Court's review.

## III.    ANALYSIS

Derdo seeks a writ of mandamus under 28 U.S.C. § 1361.  That statue vests district courts with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  Still, "the remedy of mandamus is a drastic one, to be invoked only in extraordinary situations."  *Carson v. U.S. Off. of Special Couns.*, 633 F.3d 487, 491 (6th Cir. 2011) (quoting *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980)).  Because of its drastic nature, mandamus relief is only appropriate where three conditions are satisfied.  First, "a petitioner must 'have no other adequate means to attain the relief [he] desires—a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process.'"  *In re King's Daughters Health Sys., Inc.*, 31 F.4th 520, 525-26 (6th Cir. 2022) (quoting *Cheney v. U.S. Dist. Ct. for the Dist. Of Columbia*, 542 U.S. 367, 380 (2004)).  Second, a petitioner must demonstrate a "clear

---

[1]    Although Respondent and, indeed, the docket, characterize Derdo's Petition as one for a writ of habeas corpus (*see* Docs. # 1 and 4), the Petition is titled "Petition for Writ of Mandamas [sic]" and seeks only mandamus relief.  (Doc. # 1 at 1 (petitioning the Court "for a writ of mandamas [sic] pursuant to 28 U.S.C. 1361")).

and indisputable right to the relief sought." *Id.* at 526 (quotation omitted). "Finally, a petitioner must show that issuing the writ is otherwise appropriate under the circumstances." *Id.* (quotation omitted). If a petitioner fails to establish any one of these three conditions, he cannot obtain a writ of mandamus.

Derdo seeks an order from this Court compelling DHS to immediately deport him to Mexico or, alternatively, to release him from custody. (Doc. # 1 at 2). He alleges that he has been held as an ICE detainee since February 12, 2026, following the completion of his sentence for illegal reentry. (*Id.* ¶ 4). And Derdo argues that his continued detention at Campbell County Detention Center constitutes "punish[ment] without due process." (*Id.* ¶ 6). However, Derdo's Petition offers little explanation of *how* his present detention violates his right to due process. He simply states that he "served [his] entire sentence at Campbell County Detention Center and [is] now being punished without due process." (*Id.*).

The Court will begin—and conclude—with the second requirement for mandamus relief: a clear and indisputable right to the requested relief. Derdo asserts that he is entitled to two forms of relief: immediate deportation to Mexico and, alternatively, release from detention. (Doc. # 1 at 2). As Respondent observes, Derdo is currently detained pursuant to 8 U.S.C. § 1231, which allows for the detention of noncitizens who are subject to a final order of removal. (Doc. # 4 at 4-5); *see Martinez v. Larose*, 968 F.3d 555, 559 (6th Cir. 2020) (noting that § 1231 governs the detention of aliens who illegally reentered the United States after a previous deportation). Indeed, Derdo does not appear to challenge Respondent's right to detain him prior to removal. On the contrary, Derdo repeatedly requests that this Court order DHS to deport him to Mexico immediately. (Doc.

4

# 1 at 2).  However, Derdo's removal has not occurred because he chose to assert a fear of persecution should he return to Mexico—a claim he apparently seeks to rescind.  (Doc. # 4-8 ¶ 11).  As a result, his deportation was effectively stayed, and he remains in detention pending the adjudication of his claim.  (*Id.* ¶ 13); *see also* 8 U.S.C. § 1231(b)(3)(A) ("Notwithstanding paragraphs (1) and (2), the Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion.").  Thus, although he is subject to a final order of removal, Derdo has no right to immediate removal to Mexico because he has claimed a fear of persecution upon deportation, preventing DHS from effectuating his immediate removal.  Because he has no right to immediate removal to Mexico, he is not entitled to a writ of mandamus compelling his deportation.

Derdo's other requested relief—immediate release—fares no better.  In his Petition, Derdo does not clearly argue that his present detention is unlawful.  He claims that his present detention constitutes "punish[ment] with out [sic] due process," but offers no further explanation.  (Doc. # 1 ¶ 6).  Although the Court appreciates Derdo's *pro se* status, his Petition fails to identify a legal basis for his purported right to immediate release, let alone the kind of "clear and indisputable right" to release that mandamus relief demands.[2]  *In re King's Daughters Health Sys., Inc.*, 31 F.4th at 526.  And it is a

---

[2]    To the extent that Derdo argues his continued detention following his February 12, 2026, sentencing was unlawful, his claim falls short.  (*See* Doc. # 5 at 1 (arguing that he was "illegally detained for 18 calendar day[s]" following his sentencing)).  As discussed above, ICE had the authority to detain Derdo under 8 U.S.C. § 1231 pending his removal to Mexico.  This removal will take place as soon as Derdo's claim of fear is formally withdrawn and processed.  (Doc. # 4-8 ¶¶ 13-15).

petitioner's duty to demonstrate that he is entitled to such a right. *Id.* Derdo's failure to do so dooms his Petition. *See Carson*, 633 F.3d at 491 (quoting *Maczko*, 814 F.2d at 310).

Because Derdo has failed to demonstrate a clear and indisputable right to the mandamus relief he requests, his Petition (Doc. # 1) must be **denied.**

## IV.    CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Petitioner's Petition for Writ of Mandamus (Doc. # 1) is **DENIED.**  The Clerk is directed to strike this matter from the Court's docket.

This 27th day of April, 2026.



Signed By:

*David L. Bunning*

Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\Cov2026\26-134 MOO denying mandamus.docx